FEIDEN LAW FIRM
Larraine Feiden, Esq.
Attorney for Plaintiff
MONA HAMZA
One Blue Hill Plaza, 11th Floor
Pearl River, NY 10965
(845) 735-8500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MONA HAMZA,

                Plaintiff,                Case No.

      -against-                VERIFIED COMPLAINT

SAKS INCORPORATED and
SAKS FIFTH AVENUE, INC.,

                Defendant.
-----------------------------------------------------------x

07 CIV. 5974

    Plaintiff, complaining of the defendants, by her attorney, the FEIDEN LAW FIRM, respectfully alleges:

### JURISDICTION AND VENUE

    1. This is an action authorized by and instituted under Title VII of the Civil Rights Act of 1964, Section 701 et seq., as amended, 42 U.S.C.A. Section 2000e et seq. ("Title VII"). The jurisdiction of the Court as to the causes of action set forth herein is based on Federal Question Jurisdiction, 28 U.S.C. Section 1331.

    2. Venue lies in the Southern District of New York under 28 U.S.C. Section 1391(c) because the defendants are substantially engaged in business activities in said vicinage.



## PARTIES

A. Defendants

3. At all times hereinafter mentioned, upon information and belief, Defendants Saks Incorporated and Saks Fifth Avenue, Inc. (hereinafter collectively referred to as "Saks") own and operate department stores throughout the United States.

4. At all times hereinafter mentioned, upon information and belief, Saks maintains its corporate headquarters at 12 East 49th Street, New York, New York 10017.

5. Upon information and belief, Saks is a foreign corporation doing business in the State of New York.

B. Plaintiff

6. At all times hereinafter mentioned, plaintiff Mona Hamza, a single woman, was and still is a resident of Rockland County, New York.

7. Plaintiff had been employed by Saks as a Sales Associate from December 9, 1997 to March 3, 2007.

8. As herein below described, plaintiff was wrongly terminated by Saks on March 3, 2007 in violation of Title VII.

### AS AND FOR A FIRST CAUSE OF ACTION PURSUANT TO TITLE VII

9. Plaintiff repeats, reiterates and realleges each and every allegation in paragraphs "1" through "9" as if same had been repeated at length herein.

10. On or about December 9, 1997, plaintiff began her employment with defendant Saks.

11. When employed at Saks, plaintiff held the position of Sales Associate.

12. Plaintiff was employed at a work site with fifteen or more employees.

13. Upon information and belief, Billie Messina ("Messina") was and still is the General Manager of the Saks store located in Greenwich, Connecticut, having been appointed to said position in April, 2005.

14. Plaintiff is an Egyptian American (Arab) practicing Muslim, a protected class under Title VII.

15. Since December 9, 1997, when plaintiff began her employment with Saks until April, 2005, when Messina became General Manager of the Greenwich Connecticut store where plaintiff worked at the time, plaintiff was performing her duties satisfactorily and consistently met standards and far exceeded her sales goals.

16. In July, 2005, Messina refused to approve plaintiff's annual trip to Egypt to visit and care for her disabled mother which she had taken every year since her mother became disabled in 2000.

17. Plaintiff availed herself of Saks' complaint procedures by calling the "Quest Line", a Saks employee help line, the result of which was that Messina's refusal was reversed.

18. In October, 2005, and again in September, 2006, Messina refused to allow plaintiff a slight schedule change to accommodate the Ramadan Fast, the most holy Muslim religious observance, which plaintiff's prior store managers had always approved.

19. Thereafter, Messina developed a plan to terminate the plaintiff which plan included, but was not limited to, altering business records and forging supervisory signatures.

20. Plaintiff was discharged on March 3, 2007.

21. Sak's proffered reason for discharging plaintiff, that customers repeatedly complained that they did not want to shop with plaintiff, was false and discrimination was the real reason.

22. Saks and Messina discriminated against plaintiff on the basis of her Muslim religious

beliefs and Arab Egyptian heritage ( a copy of the EEOC Charge of Discrimination filed by the plaintiff on May 25, 2007 and bearing Charge No. 523-2007-00704 as well as a Right to Sue issued by the EEOC on June 11, 2007 are annexed hereto as Exhibit "A").

### AS AND FOR A SECOND CAUSE OF ACTION PURSUANT TO TITLE VII

23. Plaintiff repeats, reiterates and realleges each and every allegation in paragraphs "1" through "22" as if same had been repeated at length herein.

24. On or about June 6, 2005, plaintiff was injured on the job, having fallen on a marble staircase (upon which slip tapes have since been applied), which may have caused permanent damage to her rotator cuff.

25. The aforementioned injury, which may have permanently impaired plaintiff's range of motion, precludes plaintiff from engaging in stock work.

26. Plaintiff was not appropriately paid for time missed from work due to her injury.

27. Plaintiff caused to be commenced a Workers Compensation case in the State of Connecticut bearing file number WC390387166.

28. Plaintiff's termination on March 3, 2007 constitutes unlawful discrimination on the basis of plaintiff's disability.

### AS AND FOR A THIRD CAUSE OF ACTION FOR UNLAWFUL RETALIATION

29. Plaintiff repeats, reiterates and realleges each and every allegation in paragraphs "1" through "28" as if same had been repeated at length herein.

30. Following plaintiff's complaints about not being appropriately paid for the time she missed from work following her injury, Messina embarked on a campaign of retaliation against plaintiff.

31. For example, notwithstanding plaintiff's positive contributions to Saks and her excellent track record as an employee, in or about January, 2006, Messina, along with Susan Ishkanian, Human Resources Director, and Jennifer Cooling, Cosmetic Department Manager, began to smear plaintiff's reputation by, among other things, creating a false and forged "paper" trail of plaintiff's purported disrespectful behavior in an effort to justify the termination of plaintiff.

32. Additionally, when plaintiff took a ten day vacation in February, 2007, she was paid for only twenty-five hours and not the forty-four hours to which she was entitled.

33. Messina also solicited other employees for negative statements about the plaintiff while refusing to seek out statements from employees who would have given positive comments about her.

34. Plaintiff's termination on March 3, 2007 constitutes unlawful retaliation against the plaintiff because of her injury/disability and attendant inability to perform stock work and because of her complaints about not be adequately compensated and because she "went over Messina's head" by availing herself of Saks' complaint procedures when she was discriminated against by Messina on the basis of her religion and national origin.

35. All of the foregoing constitutes unlawful retaliation against the plaintiff.

36. Plaintiff was not paid for any commissions earned during the pay period prior to her termination.

37. By reason of the foregoing, the plaintiff was unlawfully terminated and denied the salary, commissions and additional benefits which she would otherwise have been entitled to enjoy for the remainder of her working life, including, but not limited to, basic hospital benefit plans, comprehensive medical plan, vacation benefits, 401-K and Social Security benefits.

Furthermore, plaintiff was caused to suffer great mental strain and anguish and has been made nervous, tense and irritable and was forced to endure great suffering and inconvenience all to her great damage, in the minimum sum of $2,000,000.

WHEREFORE, plaintiff respectfully requests that this Court:

(a) Enter a declaratory judgment determining that the defendants have violated and continue to violate plaintiff's rights under Title VII of the Civil Right Act of 1964;

(b) Grant plaintiff a permanent injunction enjoining defendants, their agents, successors, employees and other representatives from engaging in or continuing to engage in any violations of plaintiff's rights under Title VII of the Civil Rights Act of 1964;

(c) Grant the affirmative relief of monetary damages in the amount of wages, salary, commissions, employment benefits and other compensation denied and/or lost to plaintiff as a result of plaintiff's wrongful termination by the defendants in violation of Title VII of the Civil Rights Act of 1964;

(d) Grant plaintiff the equitable relief of reinstatement to her former position as a Sales Associate with all the rights, privileges and benefits associated therewith as a result of the defendants' violations of Title VII of the Civil Rights Act of 1964;

(e) Grant the affirmative relief of the differential between the sums plaintiff has received in unemployment insurance proceeds and the sums she would have received from Saks if not for her unlawful termination;

(f) Award plaintiff an allowance for her costs and disbursements incurred in the prosecution of this action, including her reasonable attorneys fees;

(g) Grant plaintiff such additional, other, equitable, and legal relief as the Court deems just and proper in the circumstances.

Dated: Pearl River, New York
      June 22, 2007

                                      Respectfully submitted,

                                      FEIDEN LAW FIRM
                                      Atorney for Plaintiff
                                      One Blue Hill Plaza, 11th Floor
                                      Pearl River, New York 10965

                                      Larraine Feiden, Esq.
                                      (LF - 7818)

## JURY DEMAND

Plaintiff herein demands trial by jury as to all issues of the trial

                                                                        Larraine Feiden, Esq.
                                                                        (LF - 7818)

Case 7:07-cv-05974-SCR-LMS    Document 1    Filed 06/22/2007    Page 8 of 13

EEOC FORM 131 (5/01)

# U.S. Equal Employment Opportunity Commission

| | |
|---|---|
| Chief Executive Officer<br>SAKS INCORPORATED<br>205 Greenwich Avenue<br>Greenwich, CT 06830 | **PERSON FILING CHARGE**<br><br>Mona D. Hamza<br><br>THIS PERSON (check one or both)<br>[ ] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s)<br><br>**EEOC CHARGE NO.**<br>523-2007-00704 |

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act     [X] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act     [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [ ] Please provide by _____ a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by _____ to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [X] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by **15-JUN-07** to **Elizabeth Marcus, ADR Coordinator, at (617) 565-3212**
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

Robert L. Sanders,
Director
*EEOC Representative*

Telephone (617) 565-3200

Boston Area Office
John F. Kennedy Fed Bldg
Government Ctr, Room 475
Boston, MA 02203

Enclosure(s): [X] Copy of Charge

**CIRCUMSTANCES OF ALLEGED DISCRIMINATION**
[ ] RACE  [ ] COLOR  [ ] SEX  [X] RELIGION  [X] NATIONAL ORIGIN  [ ] AGE  [X] DISABILITY  [X] RETALIATION  [ ] OTHER

See enclosed copy of charge of discrimination.

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| June 1, 2007 | Robert L. Sanders,<br>Area Office Director | *[signature]* |

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>523-2007-00704 |
|---|---|---|

| Connecticut Comm. On Human Rights & Opportunities | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Mona D. Hamza | | 04-24-1954 |

| Street Address | City, State and ZIP Code |
|---|---|
| 11 Glen Rose Court, West Nyack, NY 10994 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| SAKS INCORPORATED | 500 or More | (203) 862-5300 |

| Street Address | City, State and ZIP Code |
|---|---|
| 205 Greenwich Avenue, Greenwich, CT 06830 | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☐ SEX  ☒ RELIGION  ☒ NATIONAL ORIGIN<br>☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ OTHER (Specify below.) | Earliest: 6/2005  Latest: 3/3/2007<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I believe that I have been discriminated against based on my religion (Muslim), national origin (Arab/Egyptian), disability, and retaliated against for having complained of discriminatory employment practices, in violation of Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act of 1990, and the applicable laws of the state of Connecticut.

***Please refer to attached statement for particulars***

RECEIVED
MAY 25 2007
E.E.O.C.
BOSTON AREA OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

5/22/07
Date — Charging Party Signature

NOTARY — When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)
5/22/07

LORRAINE FEDER
Notary Public, State of New York
No. 02FE6049394
Qualified in Rockland County
Commission Expires Oct. 10, 2010

In July, 2005, Billie Messina, General Manager of the Greenwich, Connecticut Saks store refused to approve my annual trip to Egypt to visit and care for my disabled mother which trip I had taken every year since my mother became disabled in 2000.

In October, 2005, and again in October, 2006, Billie Messina, General Manager of the Greenwich, Connecticut, Saks store refused to allow a slight schedule change to accommodate the Ramadan Fast, the most holy Muslim religious observance, which prior store managers had always approved.

As a result of the above denials, I availed myself of Saks' complaint procedures by calling the "Quest Line", a Saks employee help line, the result of which was that Billie Messina's refusals were reversed.

Thereafter, Billie Messina developed a plan to terminate me which plan included, but was not limited to, altering business records and forging supervisory signatures.

I was discharged on March 3, 2007.

Sak's proffered reason for discharging me, that customers repeatedly complained that they did not want to shop with me, was false and discrimination was the real reason.

Saks and Billie Messina discriminated against me on the basis of my Muslim religious beliefs and Arab Egyptian heritage.

On June 6, 2005, I was injured on the job, having fallen on a marble staircase (upon which slip tapes have since been applied), which may have caused permanent damage.

The aforementioned injury, which may have permanently impaired my range of motion,

precludes me from engaging in stock work.

I was not appropriately paid for time missed from work due to my injury.

I have caused to be commenced a Workers Compensation case in the State of Connecticut bearing file number WC390387166.

My termination on March 3, 2007 constitutes unlawful discrimination on the basis of my disability.

Following my complaints about not being appropriately paid for the time I missed from work following my injury, Billie Messina embarked on a campaign of retaliation against me.

For example, notwithstanding my positive contributions to Saks and my excellent track record as an employee, in or about January, 2006, Billie Messina began to smear my reputation by, among other things, creating a false and forged "paper" trail of my purported disrespectful behavior in an effort to justify my termination.

Billie Messina also solicited other employees for negative statements about me while refusing to seek out statements from employees who would have given positive comments about me.

My termination on March 3, 2007 constitutes unlawful retaliation against me because of my injury/disability and attendant inability to perform stock work and because of my complaints about not be adequately compensated and because I "went over Billie Messina's head" by availing myself of Saks' complaint procedures when I was discriminated against by Messina on the basis of my religion and national origin.

EEOC Form 161-B (3/98)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Mona D. Hamza<br>11 Glen Rose Court<br>West Nyack, NY 10994 | From: | EEOC Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 523-2007-00704 | Susan M. Boscia, Investigator | (617) 565-3213 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_(signature)_     JUN 1 1 2007

Robert L. Sanders,
Area Office Director     (Date Mailed)

Enclosures(s)

cc:
Billie Messina, General Manager
SAKS INCORPORATED
205 Greenwich Avenue
Greenwich, CT 06830

Larraine Feiden, Esq.
Feiden Law Firm
One Blue Hill Plaza, 11th Floor
Pearl River, NY 10965