FEIDEN LAW FIRM
Larraine Feiden, Esq.
Attorney for Plaintiff
MONA HAMZA
One Blue Hill Plaza, 11th Floor
Pearl River, NY 10965
(845) 735-8500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MONA HAMZA,

                Plaintiff,         Case No. 07 cv 5974 (SCR)

    -against-                   AMENDED VERIFIED COMPLAINT

SAKS INCORPORATED and
SAKS FIFTH AVENUE, INC.,

                Defendant.
------------------------------------------------------------x

       Plaintiff, complaining of the defendants, by her attorney, the FEIDEN LAW FIRM, respectfully alleges:

JURISDICTION AND VENUE

       1. This is an action authorized by and instituted under Title VII of the Civil Rights Act of 1964, Section 701 et seq., as amended, 42 U.S.C.A. Section 2000e et seq. ("Title VII"). The jurisdiction of the Court as to the causes of action set forth herein is based on Federal Question Jurisdiction, 28 U.S.C. Section 1331.

       2. Venue lies in the Southern District of New York under 28 U.S.C. Section 1391(c) because the defendants are substantially engaged in business activities in said vicinage.

PARTIES

A. Defendants

3. At all times hereinafter mentioned, upon information and belief, Defendants Saks Incorporated and Saks Fifth Avenue, Inc. (hereinafter collectively referred to as "Saks") own and operate department stores throughout the United States.

4. At all times hereinafter mentioned, upon information and belief, Saks maintains its corporate headquarters at 12 East 49th Street, New York, New York 10017.

5. Upon information and belief, Saks is a foreign corporation doing business in the State of New York.

B. Plaintiff

6. At all times hereinafter mentioned, plaintiff Mona Hamza, a single woman, was and still is a resident of Rockland County, New York.

7. Plaintiff had been employed by Saks as a Sales Associate from December 9, 1997 to March 3, 2007.

8. As herein below described, plaintiff was wrongly terminated by Saks on March 3, 2007 in violation of Title VII.

AS AND FOR A FIRST CAUSE OF ACTION PURSUANT TO TITLE VII

9. Plaintiff repeats, reiterates and realleges each and every allegation in paragraphs "1" through "9" as if same had been repeated at length herein.

10. On or about December 9, 1997, plaintiff began her employment with defendant Saks.

11. When employed at Saks, plaintiff held the position of Sales Associate.

12. Plaintiff was employed at a work site with fifteen or more employees.

13. Upon information and belief, Billie Messina ("Messina") was and still is the General Manager of the Saks store located in Greenwich, Connecticut, having been appointed to said position in April, 2005.

14. Plaintiff is an Egyptian American (Arab) practicing Muslim, a protected class under Title VII.

15. Since December 9, 1997, when plaintiff began her employment with Saks until April, 2005, when Messina became General Manager of the Greenwich Connecticut store where plaintiff worked at the time, plaintiff was performing her duties satisfactorily and consistently met standards and far exceeded her sales goals.

16. In July, 2005, Messina refused to approve plaintiff's annual trip to Egypt to visit and care for her disabled mother which she had taken every year since her mother became disabled in 2000.

17. Plaintiff availed herself of Saks' complaint procedures by calling the "Quest Line", a Saks employee help line, the result of which was that Messina's refusal was reversed.

18. In October, 2005, and again in September, 2006, Messina refused to allow plaintiff a slight schedule change to accommodate the Ramadan Fast, the most holy Muslim religious observance, which plaintiff's prior store managers had always approved.

19. Thereafter, Messina developed a plan to terminate the plaintiff which plan included, but was not limited to, altering business records and forging supervisory signatures.

20. Plaintiff was discharged on March 3, 2007.

21. Sak's proffered reason for discharging plaintiff, that customers repeatedly complained that they did not want to shop with plaintiff, was false and discrimination was the real reason.

22. Saks and Messina discriminated against plaintiff on the basis of her Muslim religious

beliefs and Arab Egyptian heritage ( a copy of the EEOC Charge of Discrimination filed by the plaintiff on May 25, 2007 and bearing Charge No. 523-2007-00704 as well as a Right to Sue issued by the EEOC on June 11, 2007 are annexed hereto as Exhibit "A").

## AS AND FOR A SECOND CAUSE OF ACTION PURSUANT TO TITLE VII

23. Plaintiff repeats, reiterates and realleges each and every allegation in paragraphs "1" through "22" as if same had been repeated at length herein.

24. On or about June 6, 2005, plaintiff was injured on the job, having fallen on a marble staircase (upon which slip tapes have since been applied), which may have caused permanent damage to her rotator cuff.

25. The aforementioned injury, which may have permanently impaired plaintiff's range of motion, precludes plaintiff from engaging in stock work.

26. Plaintiff was not appropriately paid for time missed from work due to her injury.

27. Plaintiff caused to be commenced a Workers Compensation case in the State of Connecticut bearing file number WC390387166.

28. Plaintiff's termination on March 3, 2007 constitutes unlawful discrimination on the basis of plaintiff's disability.

## AS AND FOR A THIRD CAUSE OF ACTION FOR UNLAWFUL RETALIATION

29. Plaintiff repeats, reiterates and realleges each and every allegation in paragraphs "1" through "28" as if same had been repeated at length herein.

30. Following plaintiff's complaints about not being appropriately paid for the time she missed from work following her injury, Messina embarked on a campaign of retaliation against plaintiff.

31. For example, notwithstanding plaintiff's positive contributions to Saks and her excellent track record as an employee, in or about January, 2006, Messina, along with Susan Ishkanian, Human Resources Director, and Jennifer Cooling, Cosmetic Department Manager, began to smear plaintiff's reputation by, among other things, creating a false and forged "paper" trail of plaintiff's purported disrespectful behavior in an effort to justify the termination of plaintiff.

32. Additionally, when plaintiff took a ten day vacation in February, 2007, she was paid for only twenty-five hours and not the forty-four hours to which she was entitled.

33. Messina also solicited other employees for negative statements about the plaintiff while refusing to seek out statements from employees who would have given positive comments about her.

34. Plaintiff's termination on March 3, 2007 constitutes unlawful retaliation against the plaintiff because of her injury/disability and attendant inability to perform stock work and because of her complaints about not be adequately compensated and because she "went over Messina's head" by availing herself of Saks' complaint procedures when she was discriminated against by Messina on the basis of her religion and national origin.

35. All of the foregoing constitutes unlawful retaliation against the plaintiff.

36. Plaintiff was not paid for any commissions earned during the pay period prior to her termination.

37. By reason of the foregoing, the plaintiff was unlawfully terminated and denied the salary, commissions and additional benefits which she would otherwise have been entitled to enjoy for the remainder of her working life, including, but not limited to, basic hospital benefit plans, comprehensive medical plan, vacation benefits, 401-K and Social Security benefits.

Furthermore, plaintiff was caused to suffer great mental strain and anguish and has been made nervous, tense and irritable and was forced to endure great suffering and inconvenience all to her great damage, in the minimum sum of $2,000,000.

AS AND FOR A FOURTH CAUSE OF ACTION FOR UNLAWFUL RETALIATION

38. Plaintiff repeats, reiterates and realleges each and every allegation in paragraphs "1" through "37" as if same had been repeated at length herein.

39. Following plaintiff's termination on March 3, 2007, Saks embarked on a campaign of retaliation against plaintiff, preventing her from securing employment and mitigating her damages.

40. Specifically, notwithstanding plaintiff's positive contributions to Saks and her excellent track record as an employee, Messina, along with Susan Ishkanian, Jennifer Cooling, and other employees, agents and representatives of Saks, has prevented plaintiff from securing alternate employment by, among other things, advising potential employers not to hire plaintiff.

41. Saks also made negative statements about the plaintiff to potential employers when solicited for a reference.

42. Saks' smear campaign following plaintiff's termination on March 3, 2007 constitutes unlawful retaliation against the plaintiff and entitles the plaintiff to recover compensatory and punitive damages arising from Saks' intentional violation of Title VII.

WHEREFORE, plaintiff respectfully requests that this Court:

(a) Enter a declaratory judgment determining that the defendants have violated and continue to violate plaintiff's rights under Title VII of the Civil Right Act of 1964;

(b) Grant plaintiff a permanent injunction enjoining defendants, their agents, successors, employees and other representatives from engaging in or continuing to engage in any violations

of plaintiff's rights under Title VII of the Civil Rights Act of 1964;

(c) Grant the affirmative relief of monetary damages in the amount of wages, salary, commissions, employment benefits and other compensation denied and/or lost to plaintiff as a result of plaintiff's wrongful termination by the defendants in violation of Title VII of the Civil Rights Act of 1964;

(d) Grant plaintiff the equitable relief of reinstatement to her former position as a Sales Associate with all the rights, privileges and benefits associated therewith as a result of the defendants' violations of Title VII of the Civil Rights Act of 1964;

(e) Grant the affirmative relief of the differential between the sums plaintiff has received in unemployment insurance proceeds and the sums she would have received from Saks if not for her unlawful termination;

(f) Award plaintiff an allowance for her costs and disbursements incurred in the prosecution of this action, including her reasonable attorneys fees;

(g) Award plaintiff compensatory and punitive damages based on defendants' intentional violation of Title VII.

(H) Grant plaintiff such additional, other, equitable, and legal relief as the Court deems just and proper in the circumstances.

Dated: Pearl River, New York
September 26, 2007

        Respectfully submitted,

        FEIDEN LAW FIRM
        Attorney for Plaintiff
        One Blue Hill Plaza, 11th Floor
        Pearl River, New York 10965

        Larraine Feiden, Esq.
        (LF - 7818)


## JURY DEMAND


Plaintiff herein demands trial by jury as to all issues of the trial

        Larraine Feiden, Esq.
        (LF - 7818)