UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MONA HAMZA,

                Plaintiff,

-against-

SAKS INCORPORATED and
SAKS FIFTH AVENUE, INC.,

                Defendants.

Case No. 07 cv 5974 (SCR)

**PLAINTIFF'S INITIAL DISCLOSURES**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, the plaintiff, Mona Hamza, makes the following initial disclosures:

**A.     Individuals Likely to Have Discoverable Information that the Plaintiff May Use to Support its Claims or Defenses**

| Name | Subject |
| --- | --- |
| Susan Ishkanian, address unknown to plaintiff | Discrimination |
| Jennifer Cooling, address unknown to plaintiff | Discrimination |
| Billie Messina, address unknown to plaintiff | Discrimination |
| Jennifer Stockman, address unknown to plaintiff | Retaliation |
| Juliette Nott, address unknown to plaintiff | Retaliation |
| Sabah Bassouf, address unknown to plaintiff | Discrimination |
| Eileen (shoe department), address unknown | Disability based Discrimination |
| Susan Greene, address unknown to plaintiff | Discrimination |
| Saeed (Shoe Department), address unknown | Discrimination |
| Michelle (Susan Iskanian's former assistant), address unknown to plaintiff | Discrimination |
| Tom (shoe department), address unknown | Retaliation |

**B.     Documents, Electronically Stored Information and Tangible Things**

All such documents, except those to be used solely for impeachment, are in the possession, custody or control of defendants.

**C.     Damages:** To date, had plaintiff not been unlawfully terminated, she would have earned $42,756.25, which is based on her weekly average earnings of $1,379.25. She received unemployment insurance benefits in the sum of $10,946. Therefore, her lost earnings thus far amount to $31,810.25.

Additionally, plaintiff was not fully paid for her vacation time. In that regard, she was damaged in the amount is $6112.83

Additionally, plaintiff was not paid for any commissions earned during the pay period prior to her termination. While specific information regarding plaintiff's commissions earned during that period is in the possession, custody or control of the defendants, plaintiff calculates commissions earned during said period at $1215.

Following plaintiff's injury on June 6, 2005, plaintiff was not fully paid for vacation time taken shortly thereafter. Specifically, average hours were arbitrarily lowered by defendants because of time taken off from work by plaintiff because of her on-the-job injury. Specific information is in the possession, custody or control of the defendants. Plaintiff was also not appropriately paid for time missed from work due to her injury.

Legal fees expended thus far amount to $6500.

Plaintiff is also entitled to recover compensatory and punitive damages arising out of defendants' intentional violation of Title VII.

**D.     Insurance Agreements**

    Not applicable.

Dated: Pearl River, New York
       October 5, 2007

                                        FEIDEN LAW FIRM
                                        Attorneys for Plaintiff
                                        One Blue Hill Plaza, 11th Floor
                                        Pearl River, New York 10965
                                        (845) 735-8500

                                        Larraine Feiden, Esq.
                                        (LF - 7818)