PROSKAUER ROSE LLP
Susan D. Friedfel
Gershom R. Smith
1585 Broadway
New York, NY 10036-8299
(212) 969-3000
(212) 969-2900 (fax)
Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MONA HAMZA,                                    :
                                               :
                    Plaintiff,                 :       07 CV 5974 (SCR)
                                               :
        v.                                     :
                                               :       **ANSWER OF DEFENDANT**
SAKS INCORPORATED and                          :       **SAKS FIFTH AVENUE, INC.**
SAKS FIFTH AVENUE, INC.,                       :
                                               :
                    Defendants.                :
-------------------------------------------------------X

   Defendant, Saks Fifth Avenue, Inc., by and through its attorneys, Proskauer Rose LLP, states as follows for its answer to the Verified Amended Complaint of Plaintiff Mona Hamza:

   1.  Denies the allegations set forth in paragraph 1 of the Amended Complaint, except admits that plaintiff purports to assert claims under Title VII of the Civil Rights Act of 1964, Section 701 et seq, as amended, 42 U.S.C.A. Section 2000e et seq. ("Title VII") and that the Court has jurisdiction over the purported causes of action based on federal question jurisdiction.

   2.  Denies the allegations set forth in paragraph 2 of the Amended Complaint.

   3.  Denies the allegations set forth in paragraph 3 of the Amended Complaint, except admits that Saks Fifth Avenue, Inc. owns and operates department stores in several states in the United States.

4.  Denies the allegations set forth in paragraph 4 of the Amended Complaint, except admits that defendants currently maintain corporate offices at 12 East 49th Street, New York, New York 10017.

5.  Admits the allegations set forth in paragraph 5 of the Amended Complaint.

6.  Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 6 of the Amended Complaint.

7.  Admits that from December 9, 1997 to March 3, 2007 Saks Fifth Avenue Inc. employed plaintiff as a Sales Associate, except denies knowledge or information sufficient to form a belief as to the allegations with respect to defendant Saks Incorporated.

8.  Denies the allegations set forth in paragraph 8 of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the allegations with respect to defendant Saks Incorporated.

9.  Repeats and realleges each and every response set forth in paragraph 1 through 9 of this Answer with the same force and effect as if fully set forth herein.

10. Admits the allegations set forth in paragraph 10 of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the allegations with respect to defendant Saks Incorporated.

11. Admits the allegations set forth in paragraph 11 of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the allegations with respect to defendant Saks Incorporated.

12. Admits the allegations set forth in paragraph 12 of the Amended Complaint.

13. Denies the allegations set forth in paragraph 13 of the Amended Complaint, except admits that Billie Messina has been the General Manager of the Saks Fifth Avenue store in Greenwich Connecticut since May 2005.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Amended Complaint.

15. Denies the allegations set forth in paragraph 15 of the Amended Complaint.

16. Denies the allegations set forth in paragraph 16 of the Amended Complaint.

17. Denies the allegations set forth in paragraph 17 of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to whether plaintiff called the Quest Line regarding her vacation request.

18. Denies the allegations set forth in paragraph 18 of the Amended Complaint.

19. Denies the allegations set forth in paragraph 19 of the Amended Complaint.

20. Admits the allegations set forth in paragraph 20 of the Amended Complaint.

21. Denies the allegations set forth in paragraph 21 of the Amended Complaint.

22. Denies the allegations set forth in paragraph 22 of the Amended Complaint.

23. Repeats and realleges each and every response set forth in paragraph 1 through 22 of this Answer with the same force and effect as if fully set forth herein.

24. Denies the allegations set forth in paragraph 24 of the Amended Complaint, except admits that on June 6, 2005 plaintiff fell on a staircase and denies knowledge or information sufficient to form a belief as to the damages or injury she may have sustained as a result of the fall.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Amended Complaint.

26. Denies the allegations set forth in paragraph 26 of the Amended Complaint.

27. Admits the allegations set forth in paragraph 27 of the Amended Complaint.

28. Denies the allegations set forth in paragraph 28 of the Amended Complaint.

29. Repeats and realleges each and every response set forth in paragraph 1 through 28 of this Answer with the same force and effect as if fully set forth herein.

30. Denies the allegations set forth in paragraph 30 of the Amended Complaint.

31. Denies the allegations set forth in paragraph 31 of the Amended Complaint.

32. Denies the allegations set forth in paragraph 32 of the Amended Complaint.

33. Denies the allegations set forth in paragraph 33 of the Amended Complaint.

34. Denies the allegations set forth in paragraph 34 of the Amended Complaint.

35. Denies the allegations set forth in paragraph 35 of the Amended Complaint.

36. Denies the allegations set forth in paragraph 36 of the Amended Complaint.

37. Denies the allegations set forth in paragraph 37 of the Amended Complaint.

38. Repeats and realleges each and every response set forth in paragraph 1 through 37 of this Answer with the same force and effect as if fully set forth herein.

39. Denies the allegations set forth in paragraph 39 of the Amended Complaint.

40. Denies the allegations set forth in paragraph 40 of the Amended Complaint.

41. Denies the allegations set forth in paragraph 41 of the Amended Complaint.

42. Denies the allegations set forth in paragraph 42 of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or filing periods.

## THIRD AFFIRMATIVE DEFENSE

If damaged, which defendant expressly denies, plaintiff has failed to make reasonable efforts to mitigate her damages.

## FOURTH AFFIRMATIVE DEFENSE

At all times relevant hereto, including prior to the allegations that form the basis of Plaintiff's claims, defendant had established and complied with policies, programs, and procedures for the prevention and detection of unlawful discriminatory practices by employees, agents, and persons employed as independent contractors.

## FIFTH AFFIRMATIVE DEFENSE

At all times relevant hereto, including prior to the allegations that form the basis of Plaintiff's claims, defendant exercised reasonable care to prevent and correct promptly any discriminatory behavior. Plaintiff unreasonably failed to take advantage of the preventive and/or corrective opportunities provided by defendant or to avoid harm otherwise.

## SIXTH AFFIRMATIVE DEFENSE

All or some of the claims alleged in the Amended Complaint are barred because defendant acted reasonably and/or in good faith and/or pursuant to valid business reasons.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a basis for an award of exemplary and/or punitive damages.

## EIGHTH AFFIRMATIVE DEFENSE

The claims in Plaintiff's Amended Complaint are barred, in whole or in part, as to any matters not contained in Plaintiff's administrative charge, for which no right to sue letter has been issued, and/or for which Plaintiff has failed to exhaust, and/or has elected, administrative remedies.

Dated: October 12, 2007
      New York, New York

                PROSKAUER ROSE LLP

                By: /s/ Susan D. Friedfel
                     Susan D. Friedfel
                     Gershom R. Smith
                     1585 Broadway
                     New York, New York  10036
                     (212) 969-3000
                     *Attorneys for Defendants*