UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MONA HAMZA

                              Plaintiff,

-against-

SAKS FIFTH AVENUE, INC. and
SAKS INCORPORATED

                              Defendants.

Case No. 07 cv 5974(SCR)

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

        Plaintiff, MONA HAMZA, by her attorney, Feiden Law Firm, hereby requests that defendants Saks Fifth Avenue, Inc. and Saks Incorporated, respond to the following interrogatories, in accordance with the following definitions and instructions:

### DEFINITIONS AND INSTRUCTIONS

        Unless otherwise specified, the terms used in these Interrogatories shall have the following meanings:

1. "Plaintiff" shall refer to the plaintiff Mona Hamza..

2. "Defendant" shall refer to the defendants or any of their agents or employees acting within the scope of their authority.

3. "Complaint" shall refer to the complaint in this action.

4. "Meeting" and "Conversation" shall refer to all meetings and conversations at which plaintiff was an attendee or participant, and shall include meetings and conversations between or among plaintiff and any other persons or parties.

5. The term "document" means any written, printed, typed, drawn, punched, taped, filmed, recorded, electronic or graphic matter, including drafts, which is or was in your possession, custody or control, or known by you to exist, including, but not

        limited to, any account, record, book, pamphlet, brochure, catalog, periodical, publication, advertisement, schedule, list, manual, letter, correspondence, e-mail, telegram, telephone record, memorandum, contract, lease, invoice manifest, purchase order, ticket, log, computer record, bulletin, study, survey, call report, sales letter, chart, graph, index, data sheet, inter- and intra-company communication, report, plan, work sheet, note, bill, check, bank statement, ledger, journal, travel record, desk calendar, minutes, transcript, accounting record, financial record, bookkeeping record, photograph, tape recording, video tape or other form of data compilation. This definition includes all documents for which privilege is claimed. If copies, reproductions or facsimiles of a document are not identical by reason of handwritten notations, initials, identification marks or any other modification, each such non-identical copy is a separate document within the meaning of this definition.

6.   "Communication" means any transfer or exchange between two or more persons of any information whether by written or oral means, including, but not limited to, personal conversations, correspondence, telephone calls, e-mails and telegrams. This definition includes all communications for which you claim privilege.

7.   "Identify" and "state the identity of" mean:

a.   When used with reference to a natural person, to state: (i) the person's full name; (ii) his or her present or last known business address and telephone number; and (iii) his or her present or last known home address and telephone number.

    b.    When used with reference to an institution, organization, or business entity, to state: (i) the entity's legal name; and (ii) the location of its principal place of operation and main telephone number.

    c.    When used with reference to a document, whether or not that document is presently in existence, to either produce that document or state: (I) the identity of the person who signed it or over whose name it was issued; (ii) the date of the document or, if undated, the date it was created; (iii) the nature and substance of the document or writing with sufficient particularity to enable the document to be identified; (iv) the identity of each person who created it or received an original or copy of it; (v) the present or last known location and custodian of the document of any copies; and (vi) if lost or destroyed, the date when lost or destroyed.

    d.    When used with reference to a communication, to state: (I) the date when and place where it took place; (ii) the means of communication (e.g., telephone, correspondence, personal conversation); (iii) the identity of the participants; and (iv) the substantive information communicated.

8.    "Date" means the exact day, month, and year if ascertainable, or, if not, your best approximation thereof.

9.    In the context of an Interrogatory or a response thereto, whenever necessary to bring within the scope of the Interrogatory information that would otherwise be excluded therefrom, the singular shall mean plural, and the masculine gender shall mean the feminine, and vice versa.

10. "And" and "or" shall be construed either disjunctively or conjunctively so as to require the inclusion of materials or information that would otherwise be excluded.

11. If you object to any portion of an Interrogatory, provide all information called for by those portions of the Interrogatory to which you do not object. For those portions of any Interrogatory to which you object, state in detail the reason for such objection. With respect to each document, or portion thereof, withheld from production, please state the nature of the document (e.g., letter, memorandum, computer printout, etc.) and the date of the document, identifying the persons who sent and received the original or a copy of the document, and state the subject matter of the document.

12. If you cannot answer any of the following Interrogatories in full, after exercising due diligence to secure the information necessary to do so, so state and answer to the fullest extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

13. Each Interrogatory not only calls for information known to plaintiff, but also calls for all information available to plaintiff through reasonable inquiry, including inquiry of plaintiff's representatives and agents.

14. The terms "relating to," "regarding," and "referring to" shall be interpreted broadly, including both explicit and implicit reference, and meaning (without limitation) relating to, regarding, referring to, constituting, defining, discussing, containing, construing, embodying, reflecting, stating, dealing with, prepared in contemplation of, prepared in connection with, prepared as a result of, or in any way pertaining to.

15. These discovery requests are of a continuing nature, so as to require supplemental responses in accordance with the CPLR.

16. The time period covered by these Interrogatories, unless indicated otherwise in a specific Interrogatory, is 1990 to the present.

17. In the event any information is withheld by you on the basis of any claim of privilege or of attorney work product, state in writing with respect to all such information withheld particulars sufficient to permit a determination of the validity of that claim, including: (a) the name and position of each individual who has knowledge of the information; (b) the subject matter of the information; and (c) the grounds for the claim of privilege or attorney work product.

## **INTERROGATORIES**

INTERROGATORY NO. 1. Identify each person whom defendants expect to call as an expert witness at trial and state the following for each:

(a) The subject matter on which the expert is expected to testify;

(b) The substance of the opinions and conclusions to which the expert is expected to testify;

(c) A summary of the grounds for each such opinion and conclusion; and

(d) Identify each expert's resume or curriculum vitae.

INTERROGATORY NO. 2. Identify each witness to (or person you believe possesses any knowledge of) (a) the allegations raised in the Complaint, (b) your Answer, or (c) any affirmative defenses you have alleged.

INTERROGATORY NO. 3. Identify all warnings, cautions, counseling, criticism, reprimands, adverse evaluations, adverse comments, or other adverse or critical comments, statements, or suggestions made or communicated to plaintiff, or made or communicated to any person respecting plaintiff, with respect to plaintiff's job performance, whether written or oral. Produce all documents relating to your response to this interrogatory.

INTERROGATORY NO. 4. Identify all compliments, commendations, awards, raises, promotions, or other favorable or laudatory comments or statements made or communicated to plaintiff, or made or communicated to any person respecting plaintiff, with respect to plaintiff's job performance, whether written or oral. Produce all documents relating to your response to this interrogatory.

INTERROGATORY NO. 5. Describe each position of employment held by plaintiff with Saks Fifth Avenue, Inc. and Saks Incorporated, including the dates held; the rate of compensation including all benefits, salary and bonuses; and the reason for any promotion, demotion or change in salary or position. Produce all documents relating to your response in this interrogatory.

INTERROGATORY NO. 6. If you claim that plaintiff's performance was inadequate or substandard in any respect, please describe fully each fact upon which you rely, including all comparisons you may have, favorable or unfavorable, between plaintiff and any other employee or former employee. Produce all documents relating to this response.

INTERROGATORY NO. 7. State all reasons that plaintiff's employment with defendants Saks Fifth Avenue, Inc. and Saks Incorporated was terminated.

INTERROGATORY NO. 8. Identify all individuals who participated in the decision to terminate plaintiff's employment with defendants Saks Fifth Avenue, Inc. and Saks Incorporated.

INTERROGATORY NO. 9. Identify all communications relating to the decision to terminate plaintiff's employment with defendants Saks Fifth Avenue, Inc. and Saks Incorporated. Produce all documents relating to this response.

INTERROGATORY NO. 10. Identify by name and title all individuals other than plaintiff whose employment has been terminated since plaintiff's termination.

INTERROGATORY NO. 11. Identify by name and title all individuals other than plaintiff who filed for Workman's Compensation and were subsequently terminated by defendants Saks Fifth Avenue, Inc. and Saks Incorporated or voluntarily ended their employment with defendants. Produce all documents relating to this response.

INTERROGATORY NO. 12. State how the plaintiff failed to meet the requirements for receiving wages for time missed from work due to her work related injury under Saks Fifth Avenue, Inc. and Saks Incorporated disability policy. Produce all documents relating to this response.

INTERROGATORY NO. 13. If you claim the plaintiff was not entitled to forty-four hours of pay when she took her vacation, please describe fully each facts upon which you rely to make decisions regarding the amount of wages paid for vacation time. Produce all documents relating to your response to this interrogatory.

INTERROGATORY NO. 14.  Set forth with specificity the names and titles of any employee of defendant Saks Fifth Avenue, Inc. and Saks Incorporated who has asserted any discrimination related claims against defendants Saks Fifth Avenue, Inc. and Saks Incorporated which include, but not limited to, claims concerning the actions of defendants Billie Messina, Susan Ishkanian and Jennifer Cooling. Please produce all documents including, but not limited to, complaints, answers, discovery demands and responses, orders and other related documents with respect to these claims.

INTERROGATORY NO. 15.  State the status of defendants, Billie Messina, Susan Ishkanian and Jennifer Cooling's employment with defendants Saks Fifth Avenue, Inc. and Saks Incorporated. Produce all documents relating to this response.

INTERROGATORY NO. 16. Set forth specific names of any individual, or entity who were potential employers of plaintiff that called any employee or former employee of defendants Saks Fifth Avenue, Inc. and Saks Incorporated and requested references regarding plaintiff. Produce all documents relating to this response.

INTERROGATORY NO. 17. Identify by name and title any employee or former employee of defendants Saks Fifth Avenue, Inc. and Saks Incorporated, who spoke to or had any correspondence with any potential employer of plaintiff who requested references regarding plaintiff. Produce all documents relating to this response.

INTERROGATORY NO. 18.  State all policies of defendants Saks Fifth Avenue, Inc. and Saks Incorporated with regard to the request for references from potential employers of past employees of defendants Saks Fifth Avenue, Inc. and Saks Incorporated. Produce all documents relating to this response.

INTERROGATORY NO. 19.  If defendants Billie Messina, Susan Ishkanian or Jennifer Cooling are no longer employed by defendants Saks Fifth Avenue, Inc. and Saks Incorporated, please indicate the reasons for the cessation of their employment and produce all documents which relate to the cessation of the employment of defendants Billie Messina, Susan Ishkanian and Jennifer Cooling.


Dated: Pearl River, New York
       October 24, 2007

        Yours, etc.
        FEIDEN LAW FIRM


By:_____
    Larraine Feiden, Esq.
Attorneys for Plaintiff
One Blue Hill Plaza 11th Fl.
P.O. Box 1629
Pearl River, N.Y. 10965
(845) 735-8500

TO:    Gershom Smith
        Proskauer Rose, LLP
        Attorneys for Defendant
        1585 Broadway
        New York, N.Y. 10036-8299
        (212) 969-3384