UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MONA HAMZA<br><br>                                    Plaintiff,<br><br>-against-<br>SAKS INCORPORATED and<br>SAKS FIFTH AVENUE, INC.<br><br>                                    Defendant. | Case No.07 cv 5974<br><br>**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS** |

Plaintiff, MONA HAMZA, hereby requests that the defendants produce for inspection and copying at the offices of FEIDEN LAW FIRM, One Blue Hill Plaza 11th Fl. Pearl River N.Y. 10965, commencing at or before 10:00 a.m. Eastern Standard Time on or before Thirty (30) days of the date thereof each document within the possession, custody or control of defendants described below.

### **DEFINITIONS AND INSTRUCTIONS**

#### **Definitions**

1.      The term "person" or "persons" include natural persons, firms, partnerships, associations, joint ventures and corporations, governmental units or agencies and public corporations of the State of New York.

2.      The term "document" shall mean any writing (whether handwritten, typed, printed or otherwise made), drawing, graph, chart, photograph, phono-record, or electronic or mechanical matter (including microfilm of any kind or nature, tape or recordings), or other data compilations from which information can be obtained (translated, if necessary, by defendants through detection devices into reasonably usable form), and shall include, without limiting the generality of the foregoing, all correspondence, telegrams, teletypes, telexes, agreements, contracts,

amendments, messages, memo pads, studies, reports, price lists, quotations, memoranda, minutes, journal entries, notes, books, records, accounts, ledgers, invoices, bank statements, books of account, work sheets, advices, analysis, comparisons, booklets, lists, studies, interoffice communications, transcripts, pamphlets, log books, letters, diaries, data in the memory of a computer, or any other machine-readable matter, bills of lading, newspaper clippings and any and all other writings or papers of any kind, including drafts, and other preliminary material, from whatever source underlying, supporting or used in the preparation of any documents, copies or reproductions of any of the foregoing, and information stored in computers or other data storage or processing equipment in the possession, custody or control of the defendants.

   3. "Things" means any tangible objects or materials that concern, relate or refer to plaintiff's and/or defendants' claims.

   4. The term "relating to," in addition to its customary and usual meanings, means discussing, mentioning, pertaining to, assessing, recording, concerning, describing, touching upon and/or summarizing.

## Instructions

   1. In responding to each document request, you are to review and search all relevant files of appropriate entities and persons.

   2. In responding to each document request, you are to make certain that this document demand is provided to appropriate and responsible persons at defendants so that appropriate persons review the document demand and produce the requested documents.

   3. At the time and place of production, you shall serve your responses to this request, setting forth the manner of response to each of the numbered requests contained herein.

You are requested to segregate the documents produced to indicate the particular request in response to which they are being produced.

4.  Unless otherwise specified, this request calls for the production of documents written, prepared, dated, sent or received during, relating or referring to the period from the beginning of the plaintiff's employment with defendants Saks Fifth Avenue, Inc. and/or Saks Incorporated to the present.

5.  If any documents called for by this demand are withheld under a claim of privilege, please furnish a description for each document for which privilege is claimed, together with the following information as to each such document: name(s) and address(es) of each person who prepared, received, viewed and has or has had custody of the document and a statement of the basis upon which such privilege is claimed.

6.  If any document herein requested was formerly in the possession, custody or control of the defendants and has been lost or destroyed, the defendants are requested to submit in lieu of each such document a written statement which:

   a. describes the nature of the document;

   b. identifies the person who prepared or authorized the document and, if applicable, the person to whom the document was sent;

   c. specifies the date on which the document was prepared or transmitted; and

   d. specifies, if possible, the date on which the document was lost or destroyed, and, if destroyed, the conditions of and the reasons for such destruction and the persons requesting and performing the destruction.

7.  "And" and "or" shall be interpreted to mean and/or.

8. Plural words shall be interpreted to include the singular, and <u>vice versa</u>.

9. This request shall be deemed continuing so as to require further and supplemental production if the defendants obtain additional documents between the time of this initial production and the time of trial herein. This paragraph shall not be construed to alter any obligation to comply with all other instructions in this document demand.

10. Please note that in lieu of personal appearance, you may submit to the undersigned true and complete copies of the items demanded at any time on or before the above-mentioned date.

## **Documents To Be Produced**

1. Please produce all documents relating to any evaluation (formal or informal) of the plaintiff.

2. Please produce the plaintiff's personnel file and copies of any documents maintained in any file referencing plaintiff with respect to plaintiff's performance, all compensation or any complaints made by or concerning plaintiff.

3. Please produce all documents relating to any written or oral reprimand, warning or caution, or any compliment, award or commendation, given to or concerning plaintiff.

4. Please produce copies of all correspondence between plaintiff and Billie Messina, Susan Ishkanian, Jennifer Cooling and/or defendants Saks Fifth Avenue, Inc. and Saks Incorporated relating to plaintiff, by or to any employee of Saks Fifth Avenue, Inc. and Saks Incorporated, or relating to plaintiff by or to any outside person.

5. Please produce copies of all documents prepared by, or at the direction of, any employee of Saks Fifth Avenue, Inc. and Saks Incorporated relating to plaintiff.

6. Please produce all documents relating to any contention by Billie Messina, Susan Ishkanian, Jennifer Cooling and/or defendants Saks Fifth Avenue, Inc. and Saks Incorporated that plaintiff's performance was unsatisfactory.

7. Please produce all documents relating to the job descriptions for each position held by plaintiff.

8. Please produce copies of all documents relating to EEOC charges filed by plaintiff and/or any other employee of Saks Fifth Avenue, Inc. and Saks Incorporated against Billie Messina, Susan Ishkanian, Jennifer Cooling and/or defendants Saks Fifth Avenue, Inc. and Saks Incorporated.

9. Please produce all documents relating to or supporting your denial of any allegation of the Complaint, and relating to or supporting each Affirmative or General Defense asserted by defendants.

10. Please produce all documents relating to plaintiff's damages, including documents supporting any contention that plaintiff is not entitled to all or part of the damages claimed (this request relates specifically to damages, not to the merits of the underlying claims).

11. Please produce all documents relating or referring to plaintiff's inadequate performance.

12. Please produce all documents relating or referring to all steps taken to investigate plaintiff's complaints of discrimination.

13. Please produce all documents relating to the decision to terminate plaintiff's employment.

14. Please produce copies of any employee handbook or personnel manual

disseminated by defendants Saks Fifth Avenue, Inc. and Saks Incorporated.

15. Please produce all documents prepared by the defendants or any consultant concerning any review by defendants Saks Fifth Avenue, Inc. and Saks Incorporated with respect to plaintiff.

16. Please produce all documents concerning any complaints relating to defendants Saks Fifth Avenue, Inc. and Saks Incorporated made by plaintiff and/or any other Muslim, Egyptian or disabled employee of defendants Saks Fifth Avenue, Inc. and Saks Incorporated to: (a) any employee or representative of defendants Saks Fifth Avenue, Inc. and Saks Incorporated; (b) any member of Saks Fifth Avenue, Inc. and Saks Incorporated's advisory committee; or (c) to any member of Saks Fifth Avenue, Inc. and Saks Incorporated's Board of Directors.

17. Please produce all documents relating to any charges or complaints filed by plaintiff or any other Muslim, Egyptian or disabled employee with any court, state or federal agency with respect to defendants Saks Fifth Avenue, Inc. and Saks Incorporated.

18. Please produce all communications between defendants Saks Fifth Avenue, Inc. and Saks Incorporated's Executive Committee, Saks Fifth Avenue, Inc. and Saks Incorporated's Board of Directors and/or Saks Fifth Avenue, Inc. and Saks Incorporated's advisory board and/or their respective members relating to the complaints of plaintiff and/or other Muslim, Egyptian or disabled employees concerning defendants Saks Fifth Avenue, Inc. and Saks Incorporated.

19. Please provide all documents relating to any Workman's Compensation claims filed by plaintiff or any other employee of Saks Fifth Avenue, Inc. and Saks Incorporated

6

relating to the defendants Saks Fifth Avenue, Inc. and Saks Incorporated.

20. Please provide all documents relating to any requests for references made by potential employers with respect to the plaintiff.

21. Please produce all documents to the extent not requested above, concerning any and all complaints of unlawful discrimination and/or harassment made by any employee of Saks Fifth Avenue, Inc. and Saks Incorporated with respect to defendants Saks Fifth Avenue, Inc. and Saks Incorporated.

Dated: Pearl River, New York
October 24, 2007

>Yours, etc.
>FEIDEN LAW FIRM
>
>By:_____
>    Larraine Feiden, Esq.
>Attorneys for Plaintiff
>One Blue Hill Plaza, 11th Fl
>P.O. Box 1629
>Pearl River, N.Y. 10965
>(845) 735-8500

TO:
Gershom Smith. Esq
Proskauer Rose, LLP
Attorneys for Defendant
1585 Broadway
New York, N.Y. 10036-8299
(212) 969-3384